STATE OF NORTH DAKOTA, Respondent, v. JOHN MOHER, Appellant.

(224 N. W. 890.)

Opinion filed April 6, 1929.

*J. J. Mulready,* for appellant.

*John C. Pollock,* for respondent.

NUESSLE, J. Section 4175, Comp. Laws 1913, provides:

"The supervisors of each township and the trustees of each incorporated village shall constitute a board of health and within their respective townships or villages shall have and exercise *under the supervisory control of the county superintendent of public health,* all the powers necessary for the preservation of public health."

And § 4176, Comp. Laws 1913, provides:

"The board of health may examine into all nuisances, sources of filth and causes of sickness and make such *temporary* regulations respecting the same as it shall judge necessary for the public health and safety of the inhabitants, *but upon taking such action, the board shall immediately report the same to the county superintendent of public health, who shall then take the matter up and give the board specific instructions or proceed to the place and take such action as he may deem necessary for the protection of public health,* and each person who violates any order or regulation made by any board of health, and duly published, is guilty of a misdemeanor and is punishable by a fine not exceeding one hundred dollars or by imprisonment in the county jail not exceeding three months."

The board of health of Barnes township, an organized township in Cass county, purporting to act under the provisions of § 4176, supra, on October 4, 1927, made an order as follows:

"It is ordered that from and after the issuance and publication of this order that the dumping of any garbage, refuse, offal or other filth or any other thing or material dangerous to health in Barnes Township,

shall be and is hereby prohibited and that any violation of this order will be prosecuted as provided by law."

This order was published pursuant to the requirements of § 4177, Comp. Laws 1913. Thereafter the defendant Moher was arrested and informed against on account of an alleged violation of the order. The complaint and information charged: "That on the 22nd day of October, A. D. 1927, at Barnes township in said county, the above named defendant did commit the crime of dumping garbage in violation of published order of township board of health, committed as follows, to wit: That at said time and place, said defendant did wilfully, and unlawfully, and in violation of that certain order made by the board of health of Barnes township, Cass county, North Dakota, duly executed on the 4th day of October, A. D. 1927, and duly published as provided by law, dump garbage, and refuse, and offal in said township, to-wit: on the northeast quarter (NE¼) of section eleven (11) of said township." The defendant demurred to the information and filed written objections to the proceeding. The demurrer and objections were overruled. The cause was tried and the defendant was found guilty and sentenced by the court. Defendant moved for a new trial. The motion was denied. Thereupon the defendant perfected the instant appeal from the judgment and from the order denying his motion for a new trial.

In support of this appeal the defendant urges: (1) That the order of the board of health of October 4th was unlawful because beyond the power of the board to enact. (2) That the facts set out in the information do not constitute a public offense. (3) The unconstitutionality of § 4176, Comp. Laws 1913. (4) Error of the court in instructing the jury. (5) Insufficiency of the evidence to sustain the verdict as returned.

The defendant contends that the order of the board of health of Barnes township, for a violation of which he is being prosecuted, was invalid as being beyond the authority of the township board of health to ordain. His contention in this respect is that the order is general and permanent while the statute, § 4176, supra, authorizes the board to make only temporary regulations respecting subjects with which it is empowered to deal. On the other hand, the state urges that the defendant gives the statute too narow a construction and that the township

board of health is authorized by it not only to make temporary regulations respecting any particular nuisance, source of filth or cause of sickness, but also to make general permanent regulations forbidding the doing of any act that might create a nuisance, source of filth or cause of sickness within the township. If in fact the order of the board of health of October 4th was unlawful as the defendant contends, because the board had no power under the statute to make it, then the conviction must be reversed on that account and it will be unnecessary to pass upon the other points made by him.

After reading § 4176, supra, in connection with the other provisions of the statute respecting boards of health, we have come to the conclusion that the contentions of the defendant in this latter regard must be sustained. Sections 4175 and 4176, quoted above, were inherited from the territorial laws and were originally enacted as parts of chapter 112, Laws of 1883. As originally enacted they did not contain those portions which we have italicized. The legislature in 1913 amended the then existing law relating to county and township boards of health and the powers and duties of those boards and their officers. See chapter 59, Sess. Laws 1913. Prior to this amendment, and under the terms of the original enactment, township and village boards of health were clothed with the same powers respecting matters of health as county and city boards. See § 3117, Rev. Codes 1905 and §§ 413 and 414, Comp. Laws 1913. Chapter 59, Sess. Laws 1913 (§ 3), also amended § 264, Rev. Codes 1905, relating to the powers and duties of the superintendent of the county board of health, and more definitely stated and greatly enlarged those powers and duties. This section thus amended (Comp. Laws 1913, § 408), among other things, provides that the superintendent of the county board shall exercise supervisory control of the local boards of health within his county, known as village boards of health and township boards of health, and further provides that he shall have full and complete control subject to the supervisory control of the state board of health of all matters pertaining to public health outside the limits of incorporated cities within his county. Clearly §§ 4175 and 4176, referred to above, were amended to their present form in order that they might be consistent with the provisions of § 408, Comp. Laws 1913. It is unnecessary for us to consider how far the legislature might constitutionally go in empowering township

boards of health to make general and permanent regulations since it is apparent that by the statute here in question the legislature restricted their power to the making of temporary regulations respecting matters of sanitation.

The regulation ordained by the board of health of Barnes township on October 4, 1927, and which the defendant is charged with having violated, was general in its nature. Regardless of any nuisance or menace to health that may have provoked it, the regulation referred to no particular person, condition, time or place. It is a general regulation prohibiting the dumping of garbage at any place within the township at any time by any person. As such it was clearly beyond the power of the township board of health to enact.

Now the defendant is charged with a violation of this regulation. The charge against him is not that he created a nuisance, source of filth, or cause of sickness, but that he violated this general order of the township board of health. Since the board acted without authority in making the regulation, and since the offense charged against the defendant is that of violating the regulation, the objections of the defendant to the prosecution and to the complaint and information on which it was based are good and the judgment of conviction must be reversed and the case dismissed.

It is so ordered.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.